IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ROBERT CORBITT** § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | CASE NO. 2:06 CV 330 |
| § | |
| **SOUTHERN REFRIGERATED** § | |
| **TRANSPORT, INC. and ANTONIO** § | |
| **DEMETRIUS STEVENSON** § | |
| § | |
| Defendants § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Southern Refrigerated Transport, Inc. and Antonio Demetrius Stevenson's ("Defendants") Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (Docket No. 4). For the foregoing reasons, the Court **DENIES** the motion.

**BACKGROUND**

Plaintiff Robert Corbitt ("Corbitt") filed suit in the Eastern District of Texas, Marshall Division, based on diversity jurisdiction seeking to recover damages resulting from a motor vehicle accident. The accident happened on Interstate 30 in Hopkins County, Texas, which is in the Sherman Division of the Eastern District. Corbitt resides in Marshall, Texas, and Defendants reside in Arkansas.

Defendants argue first that the claim should be dismissed because Marshall is an improper venue since the accident happened in the Sherman Division. Defendants argue in the alternative that the case should be transferred to the Sherman Division pursuant to 28 U.S.C. § 1404(a) because Sherman is the more convenient forum.

1

**ANALYSIS**

<u>Motion to Dismiss for Improper Venue</u>

28 U.S.C. § 1391(a) allows a civil action to be brought in the judicial district where any defendant resides (if all defendants reside in the same state) or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  In this case, a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.  There is no division venue requirement in 28 U.S.C. § 1391.[1]  Therefore, venue is proper in any division in the Eastern District of Texas.

<u>Motion to Transfer</u>

     *(i) Applicable law*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  If so, under § 1404(a), a court examines "the convenience of the parties and witnesses."  *Id*.  The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight.  *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and

---

[1] 28 U.S.C. § 1393, which required suit to be brought in a particular division within a district, was repealed November 19, 1988.  *See* Seigal, CHANGES TO FEDERAL JURISDICTION AND PRACTICE UNDER THE NEW FEDERAL JUDICIAL IMPROVEMENT AND ACCESS TO JUSTICE ACT, 123 F.R.D. 399, 405–408 (1989).

inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen AG*, 371 F.3d at 204. The movant bears the burden of proof in demonstrating that transfer is warranted. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

*(ii) Application*

This action could have been brought in the Sherman Division because the accident happened there. *See* 28 U.S.C. § 1391(a)(2). Therefore, the Court will examine the convenience of the parties and the witnesses in determining whether a transfer is proper. A review of the public and private factors discussed above demonstrates that the balance does not strongly favor a transfer.

(a) Private interest factors

One of the most important factors is the convenience of the "key" witnesses. *See Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1401–02 (E.D. Tex. 1986) (Cobb, J). Defendants argue that key witnesses would be inconvenienced by having to travel further if the trial was in Marshall rather than Sherman. Specifically, Defendants state that the investigating officer is located in the Sherman Division and would have to travel eighty-seven miles to the Sherman courthouse as opposed to one-hundred-twenty-eight miles to the Marshall courthouse. In addition, Corbitt's primary care physician is located in Dallas, which is sixty-two miles to Sherman and one-hundred-fifty-four miles to Marshall. Even if these potential witnesses turn out to be "key" witnesses, these distances are not substantially inconvenient. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000) (Heartfield, J.) ("Marshall, Texas is only one hundred and fifty (150) miles from Dallas, Texas. Given the advances in transportation and communication, the distance between Marshall and Dallas is negligible."). These distances are not substantially over the one-hundred-mile threshold of *Volkswagen* and are not nearly as far as those at issue in *Volkswagen*. *See Volkswagen*, 371 F.3d at 204–05.

Defendants also argue that because the accident occurred in Hopkins County, other sources of proof are more readily available in the Sherman Division. The fact that many of the records related to the wreck are located in Hopkins County, Texas does not heavily weigh in favor of a transfer. The Court notes that this factor has become less significant in a transfer analysis because of advances in copying and electronic technology. *See Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 799 (E.D. Tex. 2006) (Davis, J.).

Defendants next argue that the cost of bringing key witnesses to Marshall rather than Sherman would be more burdensome. However, the costs of having witnesses, who will have to travel regardless of which court ultimately hears the case, at most travel ninety-two more miles is not sufficient to weigh in favor of a transfer.

In addition, Defendants argue that the police officer in Sulphur Springs and the medical providers in Dallas are within the one hundred miles of the Sherman courthouse, but not within one hundred miles of the Marshall courthouse and therefore, could seek to quash subpoenas for their attendance if the trial was held in Marshall. However, a subpoena is only subject to a motion to quash if it causes the witness "to incur *substantial* expense to travel more than one-hundred miles to attend trial." *See* FED. R. CIV. P. 45(c)(3)(B)(iii) (emphasis added).[2] Therefore, this factor does not weigh in favor of a transfer.

(b) Public interest factors

The only public interest factor Defendants argue favors transfer is the local interest in adjudicating the dispute. Defendants assert that the citizens of Sherman have a more acute interest in adjudicating the matter because of the proximity of the accident. However, this is not a localized dispute involving two parties from the Sherman Division. Corbitt lives in Marshall and Defendants live in the State of Arkansas. This suit involves an interstate commercial carrier who had a wreck on an interstate highway in the Eastern District of Texas. Marshall citizens have as much interest as any other citizens in the Eastern District in preserving the safety of the interstate highway system.

---

[2] Judge Ward notes in *Singleton v. Volkswagen of Am., Inc.*, (No. 2-06-CV-222, 2006 WL 2634768 (E.D. Tex. Sept. 12, 2006) (Ward, J.)):
> A court may compel any witness residing in the state in which the court sits to attend trial, subject to reasonable compensation if the witness incurs substantial expense. *See* FED.R.CIV.P. 45(c)(3). Under this rule, this Court's subpoena power extends to all of the witnesses listed by the Defendant because they all reside in the State of Texas.

5

*See Singleton*, 2006 WL 2634768, at *5 (holding that citizens of Marshall had an interest in a lawsuit involving a defective Mazda product despite the fact that the actual incident occurred in the Northern District); *see also Mohamed*, 90 F. Supp. 2d at 779–80.  Further, Marshall citizens have an interest in adjudicating the rights of one of their fellow citizens.

In addition, the possibility of delay, another public interest factor that Defendants do not address, weighs against a transfer.

## CONCLUSION

Because there is no longer a division venue requirement and the balance of the factors for change of venue do not strongly favor a transfer, Defendants' motion to dismiss or transfer is **DENIED**.

**So ORDERED and SIGNED this 30th day of October, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**